GREGORY S. JOHNSON                           Honorable Judge Thomas O. Rice
PAINE HAMBLEN LLP
717 W. Sprague, Suite 1200
Spokane, WA 99201
(509) 455-6000
Facsimile: (509) 838-0007

Attorneys for Defendant
Doe No. 18 a.k.a. 67.185.1.86

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE THOMPSONS FILM, LLC, | No. CV-13-126-TOR |
| Plaintiff, | |
| vs. | **DOE #18 MOTION TO QUASH, SEVER AND DISMISS AND FOR PROTECTIVE ORDER** |
| DOES 1 – 35, | |
| Defendants. | **July 25, 2013** **Without Oral Argument** |

## I.  RELIEF REQUESTED

Doe #18 (a.k.a. 67.185.1.86), requests any and all of the following relief:

1.     The Court should allow each individual Doe to proceed anonymously.

2.     This case should be severed and all but the first Doe Defendant should be dismissed for improper joinder.

3.     A Protective Order should be issued preventing Plaintiff from obtaining personal information about the Defendants.

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 1

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE (509) 455-6000 FAX
(509) 838-0007

4.     This case should be severed and all but the first Doe Defendant should be dismissed for failure to pay the proper filing fees.

5.     Such other relief as this Court deems just.

## II.  STATEMENT OF FACTS

The facts are well set out in the Plaintiff's Complaint, the Declaration of Doe #18 and the Declaration of Gary Marshall which accompany this Motion.

## III.  STATEMENT OF ISSUES

**1.     Should the court allow each Doe to proceed anonymously?**

**2.     Should this case be severed and all but the first Doe Defendant dismissed for improper joinder?**

**3.     Should a Protective Order be issued because the privacy issues outweigh Plaintiff's rights?**

**4.     Should the case be severed and all but the first Doe Defendant dismissed because Plaintiff has failed to pay the proper filing fees?**

**5.     Do the Defendants Doe have standing to bring this motion because they have been named and their legal rights are affected?**

## IV.  EVIDENCE RELIED UPON

This Motion is based upon the Plaintiff's Complaint, this Motion to Quash and Dismiss, the Declaration of Doe #18, the Declaration of Gary Marshall, and the Defendant's Request to Take Judicial Notice, which accompany this Motion.

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 2

# V.  <u>AUTHORITY</u>

### 1.  <u>The Court Should Allow Each Doe to Proceed Anonymously.</u>

Doe #18 should be permitted to file this motion anonymously as this is the only way defendant can file this motion without identifying him or herself by name. *See Doe v. 2TheMart. Com Inc*., 140 F. Supp. 2d 1088 (Dist. Court, WD Washington 2001).  The *2TheMart. Com Inc*., court concluded, at pg. 1098:

> The Internet is a truly democratic forum for communication. It allows for the free exchange of ideas at an unprecedented speed and scale. For this reason, the constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded.

Although *2TheMart. Com Inc,* addressed a non-party subpoena, the same principles apply here, where a Defendant seeks to appear anonymously only in the preliminary stages of litigation to challenge the subpoena itself. Proceeding anonymously is the only method of not rendering moot these proceedings by disclosing the exact information which Plaintiff seeks to obtain through its improper subpoenas. Quashing the subpoena while requiring the defendants to proceed in their own names would entirely defeat the very purpose of the motion to quash.

Accordingly, Doe #18 respectfully requests that the Court permit him or her to proceed anonymously.

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER-  3

**2.    <u>This Case Should be Severed and All but the First Doe Defendant Should be Dismissed for Improper Joinder</u>.**

Fed. R. Civ. P. 20 permits Plaintiffs to join multiple defendants in a single lawsuit if they procedurally meet specific criteria.  The rule states, in pertinent part:

Rule 20. Permissive Joinder of Parties

(a) Persons Who May Join or Be Joined.

…

 (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

(3) Extent of Relief. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

(b) Protective Measures. The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

Plaintiff has filed a lawsuit against multiple Doe defendants, asserting the defendants all took part in the same BitTorrent swarm to infringe on plaintiff's

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 4

copyright rights by downloading a movie file. Plaintiff presents evidence that an IP address assigned to each Doe defendant was part of the same swarm at some time during the swarm's several days of existence.

Plaintiff's Complaint actually alleges that the various Doe defendants joined the swarm on various dates between December 5, 2012 and February 19, 2013, a period of about three months.  Plaintiff offers no evidence of how people who were allegedly members of a smarm that occurred months apart could be working together for purposes of joinder, hence, it has not met Rule 20's procedural requirements.

Additionally, the question of whether Plaintiff's "swarm allegation" is sufficient to merit joinder has been heavily litigated.  An excellent summary of some of the cases is found in *Hard Drive Productions v. Does 1-188*, 809 F.Supp.2d 1150 at 1153-1154 (2011). The *Hard Drive Productions* court concluded that Plaintiff's allegations did not merit joinder and it dismissed all but one Defendant, stating:

> Here, the Court finds the reasoning in *Boy Racer* and *Diabolic Video Productions*, *Pacific Century International,* and *Millennium TGA* persuasive. Does 1-188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 5

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

unknown hundreds or thousands of individuals across the country or across the world.

Moreover, the court notes that the declaration submitted in this action, like the declaration in *Boy Racer*, appears to contradict the assertion that the Does named in this action are part of a single swarm. *See* Hansmeier Decl., ¶ 13 ("[the first step in the infringer-identification process is to locate swarms where peers are distributing the copyrighted creative works."); ¶ 14 1164*1164 ("I used all three methods to locate swarms associated with Plaintiff's exclusive license."). Further, although Hansmeier states that he "collected data on the peers in the swarm, including what activities each peer was engaging in and other important [sic] such as the date and time that each Defendant was observed by the software as engaging in infringing activity," the exhibit attached to the complaint reflects that the activity of the different IP addresses occurred on different days and times over a two-week period. Id. at ¶ 15. Indeed, Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, "they may not have been physically present in the swarm on the exact same day and time." Application at 18; Complaint, Ex. A. As a result, the Court finds unpersuasive the allegation that the Does acted in concert. Therefore, the Court concludes that joinder of the Doe Defendants in this action does not satisfy Rule 20(a).

In a very recent case (decided April 4, 2013), *Safety Point Products, LLC v. DOES 1-14, DOES 15-96, DOES 97-177, & DOES 178-197, CASE NOS. 1:12-CV-2812, 1:12-CV-2820, and 1:12-CV-2831; 1:12-CV-2894* (U.S. District Court, Northern District of Ohio) (a copy is attached to the Request for Judicial Notice as Exhibit B), the *Safety Point Products* court adopted the same reasoning:

Plaintiffs' complaint says "every John Doe infringer, in concert with its John Doe swarm members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does." Despite Plaintiffs' statements, it is not at all clear that Defendants were part of the same transaction or occurrence. "Merely alleging that the Doe defendants

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out of the . . . same series of transactions or occurrences requirement." Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm. Plaintiffs' IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients. This suggests that Defendants were not wrapped up in a single factual occurrence.

Plaintiffs' other suits pose similar joinder problems, with some Defendants participating in the same swarm months apart from one another, using even more varied BitTorrent clients.

Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a prima facie case of copyright infringement .36/ Here, Plaintiffs provided only an IP address snapshot, and seeks to use that information alone to justify their suit. Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. Consider Plaintiffs' motion for leave to take discovery, which states: "Reassembling the pieces using a specialized BitTorrent Client results in a fully playable digital motion picture. To this end, the mere indication of participation weakly supports Plaintiffs' conclusions.

In sum, participation in a specific swarm is too imprecise a factor absent additional information relating to the alleged copyright infringement to support joinder under Rule 20(a).

*See also, The Thompsons Film, LLC, vs. Does 1-194*, Western District of Washington, Cause No. 2:13-0560 RSL, (May 9, 2013) a case that is identical to the instant case (same plaintiff, plaintiff's attorneys, and allegations; a copy is attached to the Request

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 7

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

for Judicial Notice as Exhibit F).   Thus, multiple Courts have held that Plaintiff's "swarm allegation" is procedurally insufficient.

The court in *Hard Drive Productions v. Does 1-18*, at 1164-65 also explains why discretionary severance should apply.

> Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a) of the Federal Rules of Civil Procedure, the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice. See *Wynn, 234 F.Supp.2d at 1088.*

> First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case. See *Bridgeport Music, Inc. v. 11C Music, 202 F.R.D. 229, 232-33 (M.D.Tenn.2001)* (holding permissive joinder of 770 putative defendants would not promote judicial economy because the court's courtroom could not accommodate all of the defendants and their attorneys, and therefore could not hold case management conferences and could not try all of plaintiff's claims together). Second, permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony. In this respect, the Court also notes that in Exhibit A to the Complaint there are listed at least thirteen different internet service providers associated with Doe Defendants, which could also give rise to different ISP-specific defenses, evidence, and testimony. See Complaint, Ex. A.

> Finally, the Court finds that permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. See *Coleman, 232 F.3d at 1296*. The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 8

separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

Moreover, the Court notes that Plaintiff's allegation that all Doe Defendants meet the Rule 20(a) joinder requirements is speculative and conclusory. For example, while Plaintiff asserts that Doe Defendants conspired with each other to download the work, Plaintiff also asserts that "each defendant is a possible source of Plaintiff's file, and may be responsible for distributing the file to the other defendants." Application at 19 (emphasis added). Plaintiff also concedes the Doe Defendants "may not have been physically present in the swarm on the exact same day and time." Application at 18; Complaint, Ex. A. In light of Plaintiff's uncertainty about the role of each particular Doe Defendant and the relationship between the Doe Defendants, the Court finds it appropriate to exercise its discretion to sever all of the Doe Defendants but one in the interest of fairness. The Court rejects Plaintiff's assertion that severing the Doe Defendants would "practically prevent copyright holder plaintiffs from being able to protect their material," as the Court's severance does not preclude Plaintiff from filing individual copyright infringement actions against each Doe Defendant. Application at 23.

In the instant case, Doe #18 has not encouraged anyone else to download movie files. Further, Doe #18 has not "acted in concert with", worked together" or "directly interacted and communicated with" any other members of any BitTorrent

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE (509) 455-6000 FAX (509) 838-0007

swarm, *See* Doe #18 Declaration, ¶ 11 and ¶12.  Hence, for each of the reasons above-stated, all but Doe 1 should be dismissed for improper joinder.

### 3.    Privacy Issues Outweigh the Rights of the Plaintiff and a Protective Order Should Issue.

The instant case defines an impermissible fishing expedition. Fed. R. Civ. P. 45(c)(3)(a) states that a court must quash a subpoena that subjects a person to an "undue burden."  Further, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" upon a showing of good cause. Fed. R. Civ. P. 26(c).

> Relevancy for the purposes of Rule 26 is broadly construed. *E.g., Micro Motion Inc.,* 894 F.2d at 1326, 13 USPQ2d at 1701-02. However, the potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is proper and warranted in the circumstances of the case. *See* Rule 26(b)(1); *Micro Motion Inc.,* 894 F.2d at 1322-23, 13 USPQ2d at 1699.

*Katz v. Batavia Marine & Sporting Supplies, Inc*., 984 F.2d 422, 424 (Fed. Cir. 1993).

Courts should balance the need for discovery against the burden imposed on the person ordered to produce documents. *Id*. An undue burden is identified by looking at factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed. *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206-07 (D.D.C. 2000).

The subpoena in the instant case will most certainly subject Defendant to an undue burden.  Plaintiff only presents evidence linking the alleged download to

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 10

Defendant's IP addresses. Plaintiff does not present sufficient evidence indicating the Defendant was the individual who executed the alleged illegal download of the "Work." Any individual permissibly or impermissibly using Defendant's wireless Internet service could have executed the alleged download.

Plaintiff justifies its action by claiming that mass Doe lawsuits are necessary to stop unauthorized movie downloading. Yet, Plaintiff has offered no evidence that mass Doe lawsuits deter movie downloading.  In a similar situation, it was found that mass Doe lawsuits did not deter movie downloading.  *See* EFF report, attached to the Declaration of Gary K. Marshall as Exhibit A, page 11:

> Are the [mass music download] lawsuits working? Has the arbitrary singling out of nearly 30,000 random American families helped promote public respect for copyright law? Have the lawsuits put the P2P genie back in the bottle or restored the record industry to its 1997 revenues?

After five years of threats and litigation, the answer is a resounding no.

Courts have denied a similar Plaintiff's requests for pre-service discovery, finding that "Plaintiffs sought-after discovery, as designed, has potential to draw numerous innocent internet users into the litigation, placing a burden upon them that outweighs Plaintiffs need for discovery." *Pacific Century International, Ltd v. Does 1-101*, CV-11 -2533 (DMR), 2011 WL 5117424 at *2 (N.D. Cal. Oct. 27, 2011).  The *Pacific Century* court also found that a first round of discovery might only lead to additional rounds of discovery if the owner of the IP address was not the infringer, which the Court found weighed against finding good cause for the first round of

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER-  11

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

discovery. That court also stated that this invasive discovery could lead to abusive settlement practices. "Nothing prevents Plaintiff from sending a settlement demand to the individual that the ISP identifies as the IP subscriber. That individual - whether guilty of copyright infringement or not - would then have to decide whether to pay money for legal assistance, or pay the [settlement] money demanded." *Id.*

It is impossible for an ISP or Plaintiff or anyone else to determine from an IP address: (a) what type of device was connected to the Internet connection of Defendant on the date in issue; (b) who was using the device on that date; (c) who was aware of the use of that device on that date; or (d) the physical location of any device that was linked to that IP address on that date.  Further, the court should take judicial notice of the fact that it is deceptively easy to "hack" a Wi-Fi network. *See*, Doe #18 Request For Judicial Notice In Support Of Motion To Quash, Sever And Dismiss, "Exhibit G."

Doe #18 plainly asserts that he or she did not download the movie files (*See* Declaration of Doe #18). Further, Gary Marshall has stated that in his experience around twenty percent of the named parties did not download the movie file. (*See* Declaration of Gary Marshall, ¶ 24 and ¶ 26)

Plaintiffs cannot show that there is a strong likelihood that any of the Does personally infringed on the Plaintiffs' copyrights.  Hence, this court should issue a protective order against these subpoenas or quash the subpoenas.

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 12

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

**4.    This Case Should be Severed and All But the First Doe Defendant Should be Dismissed for Failure to Pay the Proper Filing Fees.**

In pursuing a mass action, Plaintiff has improperly avoided payment of filing fees. Present Plaintiff has apparently filed against 756 Does in eleven lawsuits. That translates to $260,750 in filing fees that should have been and have not been paid to the court. (*See*, Declaration of Gary Marshall, ¶ 31).   This legal argument is adopted from the Magistrate Ruling, *In Re Bit Torrent Adult Film Copyright Infringement Cases, Order and Recommendation*, Case 2:11-cv-03995-DRH-GRB, Docket # 39, a copy of which is attached to the Request for Judicial Notice as Exhibit A.

The payment of court filing fees is mandated by statute. Specifically, the "district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914(a). Of that amount, "$190 shall be deposited into a special fund of the Treasury to be available to offset funds appropriated for the operation and maintenance of the courts of the United States." 28 U.S.C. §1931(1).

In multidistrict cases considering severance of cases, courts have noted that the filing fee has:

> two salutory purposes. First, it is a revenue raising measure. . . Second, §1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits. Had each plaintiff initially instituted a separate lawsuit as should have occurred here, a fee would have been collected for each one. . . . Thus, the federal fisc and more particularly the federal courts are being wrongfully deprived of their due. By misjoining claims, a lawyer or party need not balance the payment of the filing fee against the merits of the claim or claims.

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 13

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

*In re Diet Drugs*, 325 F. Supp. 2d 540, 541-42 (E.D. Pa. 2004); see also *In re Seroquel Prods. Liability Litig.*, 2007 W L 737589, at * 2-3 (M. D. Fla. Mar. 7, 2007) (denying reduction of filing fees, noting the burden on the court and the "gate keeping feature of a filing fee").

Several courts in similar BitTorrent cases have recognized the effect of countenancing a single filing fee. One court described the "common arc of the plaintiffs' litigating tactics" in these cases:

> ...these mass copyright infringement cases have emerged as a strong tool for leveraging settlements–a tool whose efficacy is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.

*Pacific Century*, 2012 W L 1072312, at * 3. Thus, the plaintiffs file a single case, and pay one filing fee, to limit their expenses as against the amount of settlements they are able to negotiate. Postponing a determination on joinder in these cases "results in lost revenue of perhaps millions of dollars (from lost filing fees) and only encourages plaintiffs in copyright actions to join (or misjoin) as many doe defendants as possible." *K-Beech, Inc. v. John Does 1-41*, 2012 WL 773683, at *5 (S.D. Tex. 2012).

In the movie download cases related to the case before this Court, plaintiff has improperly avoided paying filing fees for 745 defendants by employing its "swarm joinder theory." Simple math reveals that $260,750 in filing fees that have not been paid. This is a significant sum of money. If the reported estimates that hundreds of thousands of such defendants have been sued nationwide are accurate, plaintiffs in

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 14

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

similar actions have likely evaded millions of dollars in filing fees. Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen. They should not be permitted to profit at the expense of the tax-payers without paying statutorily required fees.

**5.**     **Defendants Doe have Standing to Bring this Motion Because They Have Been Named and Their Legal Rights are Affected.**

Plaintiffs in similar cases in response to similar motions to quash have raised the argument that specific Doe defendants have no standing to raise legal issues because they have not been named as parties in the lawsuit. This claim has little merit. The Defendants bringing this motion have been named in the lawsuit as Does with specific IP addresses. Plaintiff asserts that each of these IP addresses is a reference to a specific person. If that person were not identifiable there would be no point in bringing this lawsuit. The Plaintiff is merely using a pseudonym until it learns the individuals' legal names. It is seeking to subpoena personal information about each specific person. It should not be able to avoid due process and proceed without notice and opportunity to the defendants to be heard simply because the Plaintiff is currently using a pseudonym for the legal name of the defendants.

A party has standing to challenge a subpoena issued to the third-party when the party has a personal or proprietary interest in the information sought by the subpoena. "A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." *Washington v. Thurgood*

*Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1995)). "A party generally lacks standing to challenge a subpoena issued to a third- party absent a claim of privilege, propriety interest, or personal interest in the subpoenaed matter." *Id.; accord Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)

Here, each of the Does have a personal or proprietary interest in their address, phone number, e-mail address, and the other identifying details sought by Plaintiff. Congress has recognized that ISP subscribers have a privacy interest in the personally identifying information kept by ISPs.  47 U.S.C. §551 requires that an ISP subscriber be notified and given a chance to intervene before his identifying information is released to the Plaintiff.

> 47 U.S.C. §551 (c) (2) A cable operator may disclose such information if the disclosure is—
>
> …
>
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

This judicial process makes no sense if a subscriber lacks standing to bring any motions to prevent the release of his information.

## VI.  <u>CONCLUSION</u>

The Internet has changed the rules by which all businesses must operate. The movie industry is no exception.  Suing hundreds of thousands of possible movie downloaders and scaring them into quick settlements is not a sound way to adapt.

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER-  16

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

For each and all of the reasons stated above, the Court should hold that each Doe has standing to bring this motion; each Doe should be allowed to proceed anonymously; Plaintiff's Subpoenas to the various ISP's with regard to the Defendant Does should be quashed; the case should be severed; the Does should be dismissed; and a Protective Order should issue.

Dated this 5th day of June, 2013

PAINE HAMBLEN LLP


By: /s/ Gregory S. Johnson
       Gregory S. Johnson, WSBA #13782
       Attorneys for Defendant
       Doe No. 18 (a.k.a. 67.185.1.86).

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 17

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE (509) 455-6000 FAX
(509) 838-0007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system unless otherwise specified. Parties may access this filing through the Court's system.

| | |
|---|---|
| Maureen C. VanderMay<br>court@vandermaylawfirm.com | ____ U.S. Mail, Postage Prepaid<br>____ Hand-Delivered<br>____ Fed Ex<br>____ Facsimile Transmission<br>_X__ Electronic Notification |
| John Doe 27 | Counsel has reviewed ECF/PACER and no contact information can be found for John Doe 27 and, therefore, this document was not served. |
| John Doe 3 | Counsel has reviewed ECF/PACER and no contact information can be found for John Doe 3 and, therefore, this document was not served. |
| John Doe #5<br>JohnDoe_05@yahoo.com | Counsel has reviewed ECF/PACER and no contact information can be found for John Doe 5, however, an email address was provided in his Memorandum of Law (ECF Dkt #8) and, therefore, this document was served electronically. |

DATED at Spokane, Washington this 5th day of June, 2013.

By: /s/ Gregory S. Johnson

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER- 18

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE (509) 455-6000 FAX
(509) 838-0007

GREGORY S. JOHNSON
WSBA No. 13782
Attorneys for Defendant
Doe No. 18 a.k.a. 67.185.1.86

Paine Hamblen LLP
717 W. Sprague Ave., Suite 1200
Spokane, WA 99201-3505
Telephone:  (509) 455-6000
Fax:  (509) 838-0007
E-mail: greg.johnson@painehamblen.com

I:\Spodocs\39679\00001\PLEAD\01153397.DOC:lg

DOE #18 MOTION TO QUASH, SEVER AND
DISMISS AND FOR PROTECTIVE ORDER-  19