GREGORY S. JOHNSON                    Honorable Judge Thomas O. Rice
PAINE HAMBLEN LLP
717 W. Sprague, Suite 1200
Spokane, WA 99201
(509) 455-6000
Facsimile: (509) 838-0007

Attorneys for Defendant
Doe No. 18 (a.k.a. 67.185.1.86)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE THOMPSONS FILM, LLC, | ) |
| | ) No. CV-13-126-TOR |
| Plaintiff, | ) |
| | ) **DOE #18 REQUEST FOR** |
| vs. | ) **JUDICIAL NOTICE IN** |
| | ) **SUPPORT OF MOTION TO** |
| DOES 1 – 35, | ) **QUASH, SEVER AND DISMISS** |
| | ) |
| Defendants. | ) |
| _____ | ) |

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, Doe #18 (a.k.a. 67.185.1.86) respectfully requests that this Court take judicial notice of the following materials:

A.     Magistrate Ruling, U.S. District Court, Eastern District for New York, *In Re Bit Torrent Adult Film Copyright Infringement Cases*, Order and Recommendation, Case 2:11-CV-03995-DRH-GRB, Docket # 39

B.     District Judge Ruling, *Safety Point Products, LLC et al., Plaintiffs v. DOES 1-14, DOES 15-96, DOES 97-177, & DOES 178-197,*

Defendants, Case Nos 1:12-CV-2812, 1:12-CV-2820;1:12-CV-2831; 1:12-CV-2894, OPINION & ORDER date April 4, 2013

C. Magistrate Ruling, *On the Cheap, LLC v. Does 1-5011*, U. S. District Court, Northern District of California, Case No. C-10-4472 BZ, Docket # 66.

D. Magistrate Ruling, *AF Holdings v. Does 1-96*, U. S. District Court, Northern District of California, Case No. C-11-03335 JSC, Docket # 14, Order Denying Without Prejudice Plaintiff's Request for Discovery Prior to Rule 26(f) Conference.

E. Order to Show Cause, *Voltage Pictures v. various John Does*, 6:13-CV-290AA, 2:13-CV-292AA, and 1:13-cv-295AA (D.C. Oregon, April 10, 2013.

F. Order to Show Cause, *The Thompsons Film, LLC, vs. Does 1-194*, Western District of Washington, Cause No. 2:13-0560 RSL, May 9, 2013.

G. The first pages of the results of Google Search for the phrase "hacking wifi networks" and a few printed pages one of the underlying articles.

A district court may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b); see also *Limestone Dev. Corp. v. Vill. of Lemont*, 473 F. Supp. 2d 858, 868 (N.D. Ill. 2007) (taking judicial notice of state court litigation because "[j]udicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties"). Further, the Federal Rules of Evidence require a court to take judicial notice of a matter "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d); *see also, In re Ravisent Techs., Inc. Sec. Litig.*, No. 00-CV-1014, 2004 U.S. Dist. LEXIS 13255, at *2 (E.D. Pa. July 12, 2004).

Exhibits A-F are all orders from United States Federal District Courts. It is well-established that a court may take judicial notice of matters of public record. *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("Indeed, it is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice."); *Berg v. United Steelworkers of Am., Local 3733, No. 98-308*, 1998 U.S. Dist. LEXIS 4518, at *19-20 (E.D. Pa. April 8, 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, Civil 2d § 1357 (1990) ("matters of public record ... may also be taken into account")). Specifically, federal courts may take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, if those proceedings have a direct relation to matters at issue. *Allen v. City of Los Angeles*, 92 F.3d 842 (9th Cir. 1992).

These documents are offered to show how courts around the nation have handled issues of joinder and other issues in analogous cases. Thus, they are appropriate subject matter for judicial notice pursuant to Federal Rule of Evidence 201(b)(2).

Exhibit G is the first few printed pages of the results of Google Search for the phrase "hacking wifi networks." The first page demonstrates 906,000 results. We also randomly printed out several of pages of a document titled "*How I cracked my neighbor's WiFi password without breaking a sweat*" that underlies the search results. This search results list and the associated articles establish how easy it is to "hack" a Wi-Fi network. Defendant submits these exhibits are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

For the foregoing reasons, Doe #18 respectfully requests that this Court consider Exhibits A-G as it reviews Doe #18's Motion to Quash, Sever and Dismiss and for Protective Order.

Respectfully submitted this 5th day of June, 2013.

PAINE HAMBLEN LLP


By: /s/ Gregory S. Johnson
Gregory S. Johnson, WSBA #13782
Attorneys for Defendant
Doe No. 18 a.k.a. 67.185.1.86

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system unless otherwise specified. Parties may access this filing through the Court's system.

| Maureen C. VanderMay<br>court@vandermaylawfirm.com | _____ U.S. Mail, Postage Prepaid<br>_____ Hand-Delivered<br>_____ Fed Ex<br>_____ Facsimile Transmission<br>__X__ Electronic Notification |
|---|---|
| John Doe 27 | Counsel has reviewed ECF/PACER and no contact information can be found for John Doe 27 and, therefore, this document was not served. |
| John Doe 3 | Counsel has reviewed ECF/PACER and no contact information can be found for John Doe 3 and, therefore, this document was not served. |
| John Doe #5<br>JohnDoe_05@yahoo.com | Counsel has reviewed ECF/PACER and no contact information can be found for John Doe 5, however, an email address was provided in his Memorandum of Law (ECF Dkt #8) and, therefore, this document was served electronically. |

DATED at Spokane, Washington this 5th day of June, 2013.

By: /s/ Gregory S. Johnson
GREGORY S. JOHNSON
WSBA No. 13782
Attorneys for Defendant

DOE 18 REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO QUASH, SEVER AND DISMISS - 5

*PAINE HAMBLEN LLP*
717 West Sprague Avenue, Suite 1200
Spokane, WA 99201 PHONE (509) 455-6000 FAX (509) 838-0007

Doe No. 18 a.k.a. 67.185.1.86

Paine Hamblen LLP
717 W. Sprague Ave., Suite 1200
Spokane, WA 99201-3505
Telephone: (509) 455-6000
Fax: (509) 838-0007
E-mail: greg.johnson@painehamblen.com

I:\SPODOCS\39679\00001\PLEAD\01153478.DOC

DOE 18 REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO QUASH, SEVER AND DISMISS - 6

*PAINE HAMBLEN LLP*
717 West Sprague Avenue, Suite 1200
Spokane, WA 99201 PHONE (509) 455-6000 FAX (509) 838-0007