UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE THOMPSONS FILM, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOES 1-35,<br><br>　　　　　　　　Defendants. | NO:  13-CV-0126-TOR<br><br>ORDER DENYING MOTIONS<br>TO QUASH |

BEFORE THE COURT are Motions to Quash filed by John Does 3, 5, 18 and 27 (ECF Nos. 14, 8, 19 and 12, respectively).  These matters were submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

On April 3, 2013, the Court granted Plaintiff leave to conduct expedited discovery via third-party subpoenas issued to the Internet Service Providers ("ISPs") of the thirty-five John Doe Defendants.  ECF No. 7.  Four of the John Doe

ORDER DENYING MOTIONS TO QUASH ~ 1

Defendants have since moved to quash the subpoenas for a variety of reasons.  The

Court will address two arguments advanced by multiple Defendants in the

aggregate before proceeding to address the arguments unique to each Defendant.

DISCUSSION

**A. Joinder**

Permissive joinder of defendants is governed by Federal Rule of Civil

Procedure 20(a)(2).  The rule provides, in relevant part:

> Persons . . . may be joined in one action as defendants if (A) any right
> to relief is asserted against them jointly, severally, or in the alternative
> with respect to or arising out of the same transaction, occurrence, or
> series of transactions or occurrences; and (B) any question of law or
> fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  In more general terms, the rule requires that a plaintiff's

claims against each defendant (1) arise from the same transaction or occurrence;

and (2) present a common question of law or fact.  *See League to Save Lake Tahoe*

*v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

The purpose of Rule 20(a) "is to promote trial convenience and expedite the

final determination of disputes, thereby preventing multiple lawsuits."  Charles A.

Wright, *et al.*, *Federal Practice & Procedure* § 1652 (April 2013 database update).

In contrast to the rule governing compulsory joinder of parties, *see* Fed. R. Civ. P.

19, Rule 20(a) is not designed to promote full and final resolution of disputes

among all interested parties.  Rather, Rule 20(a) is simply a procedural device

ORDER DENYING MOTIONS TO QUASH ~ 2

"under which the demands of several parties arising out of the same litigable event may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the duplicate presentation of evidence relating to facts common to more than one demand for relief would entail." *Id.* In other words, the rule allows joinder of parties "whose presence is procedurally convenient but is not regarded as essential to . . . complete disposition of any particular claim." *Id.*

Here, several Doe Defendants argue that joinder is improper because the Plaintiff's claims do not satisfy Rule 20(a)(2)'s same transaction or occurrence requirement. Specifically, Defendants assert that downloading files from the internet using a "BitTorrent" file-sharing protocol does not, at least from a technical standpoint, amount to a "series of transactions or occurrences" within the meaning of Rule 20(a)(2). Defendants further contend that joinder is improper because there has been no allegation that they actually shared copyrighted material among themselves—*i.e.*, that they were part of the same BitTorrent "swarm."

The issue of whether using a BitTorrent client to download copyrighted material provides a valid basis for joining multiple defendants has divided district courts across the country. *Compare*, *e.g.*, *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 631-32 (E.D. Va. 2012) (finding joinder improper in the absence of evidence that Doe defendants had actually shared portions of the copyrighted work among themselves), *with Liberty Media Holdings, LLC v. Swarm*

ORDER DENYING MOTIONS TO QUASH ~ 3

*Sharing Hash File*, 821 F. Supp. 2d 444, 451-52 (D. Mass. 2011) (finding joinder proper based on allegation that Doe defendants had participated in a "swarm" of illegal downloading activity). The cases deciding this issue one way or the other are too numerous to count. As far as the Court can discern, no majority view has emerged.

Having reviewed the allegations in the Complaint, the Court finds that joinder is appropriate. Plaintiff has alleged that Defendants "used BitTorrent in a *collective* and often *interdependent* manner via the internet" to infringe upon its copyright. Pl.'s Compl., ECF No. 1, at ¶ 48 (emphasis added). In support of its assertion that the Defendants acted "collectively" and "interdependently," Plaintiff alleges as follows:

> Files downloaded [using the BitTorrent protocol] are downloaded in hundreds of individual pieces. Each piece that is downloaded is immediately thereafter made available for distribution to other users seeking the same file. The effect of this technology makes every downloader also an uploader of the content. This means that *every user who has a copy of the infringing media or content on a torrent network is also a source for others to download that media or content.*
>
> *   *   *
>
> The effect of this distributed network of users all downloading and uploading the same file creates what is commonly known as a "swarm" wherein users operate collectively to copy and distribute media content.
>
> *   *   *

ORDER DENYING MOTIONS TO QUASH ~ 4

> Thus, a Defendant's distribution of even a single unlawful copy of the motion picture can result in the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people. In this case, *each Defendant's copyright infringement built upon the prior infringements, in a continuing cascade of infringement* going forward.

Pl.'s Compl., ECF No. 1, at ¶¶ 56, 58, 61 (emphasis added).

At this stage of the litigation, the Court must accept the allegations above as verities. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accepted as true, these allegations satisfy Rule 20(a)(2)'s permissive joinder requirements. Each Doe Defendant is alleged to have infringed upon Plaintiff's copyright in a manner which necessarily (1) built upon past infringement; and (2) perpetuated future infringement. This alleged conduct is, in a very real sense, a "series of transactions or occurrences." The fact that the Doe Defendants were not the *only* persons alleged to have participated in the so-called "swarm" (or that they may have participated in technologically distinct "swarms,") is irrelevant; what matters is that each Defendant is alleged to have *directly contributed* to the Plaintiff's alleged injuries. Accordingly, the Court finds that joinder of the thirty-five Doe Defendants is proper at this time.

Finally, the Court notes that Plaintiff has unequivocally agreed to proceed individually against any Defendant who claims to have been prejudiced as a result of being joined together with the other defendants. *See* ECF No. 1 at ¶ 39 ("Notice is provided, that on being specifically identified and on request from an identified

ORDER DENYING MOTIONS TO QUASH ~ 5

Defendant, Plaintiff agrees to sever any Defendant that claims prejudice in being joined in this matter and to proceed against each such Defendant individually."). The Court finds that this offer, which effectively allows each Defendant to sever the claims against him or her unilaterally, adequately addresses the vast majority of concerns raised by the Doe Defendants in the instant motion. Any Defendant who wishes to proceed individually shall file and serve upon Plaintiff a "Motion to Sever." Barring unforeseen circumstances, any such motion will be granted as a matter of course.

### B. Abuse of the Judicial System

Several Doe Defendants have also argued that Plaintiff is attempting to use the judicial system to extort quick settlements from unsophisticated litigants and that it has no intention of actually litigating its claims. These arguments are not supported by the existing record. Plaintiff does not appear to have engaged in any abusive practices to date, and the Court declines Defendants' invitation to assume that it will do so in the future.

### C. John Doe #3

In addition to the joinder and abuse of judicial process arguments addressed above, John Doe #3 argues that (1) the subpoena is "overbroad" and "ambiguous"; (2) there is a "substantial likelihood" that someone other than John Doe #3 was responsible for infringing upon Plaintiff's copyright. ECF No. 14.

Contrary to John Doe #3's assertions, the subpoena is not overbroad. The information sought by the subpoena is necessary to effectuate proper service. While a subscriber's name and address alone might suffice in some circumstances, a phone number and email address may also be required to locate subscribers who have recently moved or who have their bills sent to an address other than the address at which they reside. Nor is the subpoena ambiguous; the information sought is identified with specificity on the face of the document.

The fact that someone other than John Doe #3 may have infringed upon Plaintiff's copyright using John Doe #3's IP address is a valid defense to the claim against him/her. It is not, however, a valid reason to quash the subpoena.

## D. John Doe #5

In addition to the joinder and abuse of judicial process arguments addressed above, John Doe #5 argues that (1) the Court lacks personal jurisdiction over him/her; and (2) he/she faces an "inherent risk of embarrassment" if his/her name is revealed. ECF No. 8.

Assuming for the sake of argument that the Court presently lacks personal jurisdiction over John Doe #5, that fact has no bearing on whether the subpoena at issue should be quashed. Moreover, the Court granted Plaintiff's motion for early discovery due to the fact that Plaintiff could not establish personal jurisdiction over

the Doe Defendants without access to the account records maintained by their ISPs. ECF No. 6 at 2-3.

There is no basis for quashing the subpoena due to an alleged "risk of embarrassment." To whatever extent John Doe #5 will be stigmatized as a result of being named as a defendant in this lawsuit, the stigma does not warrant dismissal of the claims against him/her. John Doe #5 can rest assured that the allegations against him/her remain unproven and that he/she will be afforded an opportunity to defend against them at the appropriate time.

### E. John Doe #18

In addition to the joinder argument addressed above, John Doe #18 argues that (1) Plaintiff is engaging in an "impermissible fishing expedition"; and (2) he/she is being subjected to an "undue burden" by the subpoena. ECF No. 19.

The suggestion that Plaintiff is engaging in a "fishing expedition" is not credible. Plaintiff has identified specific IP addresses that it believes were used to illegally download its motion picture. It is now in the process of attempting to determine which persons were responsible for that illegal activity. The obvious first step in this process is to identify the persons to whom the infringing IP addresses were assigned when the motion picture was illegally downloaded. Plaintiff's only means of obtaining that information is to issue third-party subpoenas to the ISPs that own the IP addresses in question. The fact that

additional investigation may be required in some cases to locate the actual infringer does not render this proceeding a "fishing expedition." At least at this juncture, Plaintiff's invocation of the Court's subpoena authority under Rule 45 is entirely appropriate.

John Doe #18's undue hardship argument is also unavailing. As Plaintiff correctly notes, the subpoena that John Doe #18 seeks to quash was issued to a third party: John Doe #18's ISP. As such, the subpoena places no hardship whatsoever upon John Doe #18. *See Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 36 (D. D.C. 2011) ("the putative defendants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship"). This is not a valid basis for quashing the subpoena.

### F. John Doe #27

John Doe #27 has lodged a cursory and unspecified objection to his/her personally identifying information being disclosed. Given that John Doe #27 has not stated the basis for his/her objection, the Court will overrule the objection.

**IT IS HEREBY ORDERED:**

The Motions to Quash filed by John Does 3, 5, 18 and 27 (ECF Nos. 14, 8, 19 and 12, respectively) are **DENIED**.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and transmit copies to John Does 1 and 11 at their email addresses of record.

**DATED** July 12, 2013.

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTIONS TO QUASH ~ 10