UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE THOMPSONS FILM, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ROSS KAPPEN, et al.,<br><br>　　　　　　　Defendants. | NO: 13-CV-0126-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS AGAINST HAYES, KAPPEN, MAXWELL, AND URENA |

BEFORE THE COURT is Plaintiff's Motion for Default Judgments and Permanent Injunctions against Defendants Hayes, Kappen, Maxwell, and Urena (ECF No. 108). This matter was submitted for consideration without oral argument. The Court has reviewed the motion and the record and files herein and is fully informed.

FACTS[1]

---

[1] Unless otherwise noted, these facts are excerpted from Plaintiff's complaint and used for purposes of the instant motion only.

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH LEAVE TO RENEW ~ 1

This is an action concerning alleged copyright infringement of a motion picture. Plaintiff The Thompsons Film, LLC, is a limited liability company that produced the motion picture at issue in this matter, *The Thompsons*. Defendants are identified as having at least one of the following roles: 1) BitTorrent users or peers whose computers are collectively interconnected and used for illegally copying and distributing Plaintiff's motion picture; 2) contributing to the infringement of Plaintiff's copyright by others; 3) permitting, facilitating, and/or promoting the use of the internet access identified by the IP address for the infringing of Plaintiff's exclusive rights under the Copyright Act by others.

BitTorrent is an interactive peer-to-peer file transfer technology protocol. Peer-to-peer networks, in their most common form, are computer systems enabling users to make files stored on each user's computer available for copying by other users, to search for files stored on other users' computers, and to transfer exact copies of the files from one computer to another via the internet. The complaint alleges that Plaintiff has recorded each Defendant identified (through his or her IP address) as actually copying and publishing Plaintiff's motion picture via BitTorrent, as Plaintiff's investigator has downloaded the motion picture from each Defendant. Plaintiff alleges that, upon information and belief, each Defendant was a willing and knowing participant in the file transfer "swarm" at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

1    Plaintiff sued Defendants, claiming copyright infringement, contributory
2 infringement, and indirect infringement of copyright. Plaintiff's First Amended
3 Complaint requests damages of $30,000 from each Defendant pursuant to 17
4 U.S.C. § 504(c)(1) for its claims of infringement and contributory infringement,
5 and damages of not more than the statutory minimum of $750.00 on its indirect
6 infringement claim. Plaintiff also requests entry of permanent injunctions
7 enjoining each Defendant from directly, contributorily or indirectly infringing
8 Plaintiff's rights in Plaintiff's motion picture, and reasonable costs and attorney
9 fees.
10   The Clerk of Court has entered orders of default for all Defendants named in
11 the instant motion. Despite being properly served, as of the date of this Order, the
12 Non-Appearing Defendants have not filed an answer or moved to set aside their
13 default. Plaintiff now moves for default judgment seeking the relief requested in its
14 First Amended Complaint.

15                              DISCUSSION

16    Motions for entry of default judgment are governed by Federal Rule of Civil
17 Procedure 55(b).  Rule 55(b)(1) provides that the Clerk of Court may enter default
18 judgment when the plaintiff's claim "is for a sum certain or a sum that can be made
19 certain by computation." Fed. R. Civ. P. 55(b)(1).  When the value of the claim
20 cannot be readily determined, or when the claim is for non-monetary relief, the

plaintiff must move the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). In such circumstances, the court has broad discretion to marshal any evidence necessary in order to calculate an appropriate award. *See* Fed. R. Civ. P. 55(b)(2)(A)-(D). At the default judgment stage, well-pleaded factual allegations are considered admitted and are sufficient to establish a defendant's liability, but allegations regarding the amount of damages must be proven. *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977); *Microsoft Corp. v. Lopez,* 2009 WL 959219 (W.D.Wash. 2009). The court must ensure that the amount of damages is reasonable and demonstrated by the evidence. *See* Fed. R. CIv. P. 55(b); *Getty Images (US), Inc. v. Virtual Clinics,* 2014 WL 358412 (W.D.Wash. 2014).

The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72; *see also United States v. VanDenburgh*, 249 F. App'x 664, 665 (2007).

The Court considers each of the factors in turn.

1. Possibility of Prejudice to Plaintiff

Despite having been properly served, the Non-Appearing Defendants have failed to plead or otherwise defend. As a result, Plaintiff's claims against them cannot move forward on the merits, and Plaintiff's ability to obtain effective relief has been prejudiced. This factor weighs in favor of entering default judgment.

2. Merits of Plaintiff's Substantive Claims

Plaintiff's complaint alleges copyright infringement, contributory infringement, and indirect infringement of copyright for Defendants' alleged participation in a BitTorrent "swarm." Despite receiving notice of Plaintiff's allegations of infringement, the non-appearing Defendants have failed to plead or otherwise defend. This factor weighs in favor default judgment.

3. Sufficiency of the Complaint

The Court finds that the first amended complaint states a claim upon which relief may be granted in that it is grounded in a cognizable legal theory and alleges sufficient facts to support that theory. This factor weighs in favor of entering default judgment.

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH LEAVE TO RENEW ~ 5

4. <u>Sum of Money at Stake</u>

Plaintiff has requested the highest amount of statutory damages available under the Copyright Act, $30,000. In a copyright infringement case, a plaintiff may elect either actual or statutory damages. 17 U.S.C. § 504(a). Statutory damages may be not less than $750 or more than $30,000, "as the court considers just." 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2).

Plaintiff argues that statutory damages may be increased if a defendant willfully infringed the copyright, and that Plaintiff alleged in its complaint that defendants willfully infringed the copyright, and facts in the complaint are admitted as true. ECF No. 108 at 3-4. Plaintiff, while maintaining that it is entitled to increased statutory damages because Defendants' conduct was willful, seeks "only" $30,000 in statutory damages. *Id*. at 6.

Insofar as Plaintiff's argument about increased statutory damages for willful infringement is made to justify its request of $30,000 damages for each infringer, the Court is unpersuaded. Plaintiff has alleged, *inter alia*, that "numerous Defendants, either directly or indirectly, engaged in mass copyright infringement of Plaintiff's motion picture," ECF No. 28 at 19; "Each Defendant knew or should have known the infringing conduct observed by Plaintiff was unlicensed and in violation of Plaintiff's copyrights," *id.* at 18; "each Defendant whose conduct constitute direct infringement was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright," *id.* at 19; "Defendants' conduct has been willful, intentional, in disregard of and indifferent to Plaintiff's rights," *id.* at 21. In other words, examined as a whole, Plaintiff has only very generally alleged willfulness—without any specific findings as to which defendants might have willfully infringed or what behavior indicates their willfulness. Well pleaded allegations in a complaint are deemed admitted on a motion for default judgment, *see Matter of Visioneering Constr.*, 661 F.2d at 124, but the allegations must in fact be well pleaded—Plaintiff's allegations on this point are not. Plaintiff's complaint only alleges the most bare bones indication of willfulness, unsupported with factual allegations indicating intent or knowledge of infringement. Furthermore, the first amended complaint alleges only that at least some of the Defendants acted

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH LEAVE TO RENEW ~ 7

1  willfully. Thus, Plaintiff acknowledges that some of the Defendants may have been
2  involved only unintentionally with the swarm. The Court will not impute a state of
3  mind to all Defendants based on such a pleading. Thus, Plaintiff's argument about
4  willfulness, without more, is insufficient to sustain a finding that the Court should
5  impose a $30,000 fine on each Defendant named in the instant motion.

   5. Possibility of Dispute as to Material Facts

7  Given that the Non-Appearing Defendants have not answered the Complaint
8  or otherwise participated in this case, there remains a possibility that material facts
9  are disputed.  This factor weighs against entering default judgment.

   6. Whether Default is Attributable to Excusable Neglect

11  The Court has no means of determining whether excusable neglect
12  contributed to the default of the Non-Appearing Defendants.  Given that each of
13  these Defendants was properly served, however, the Court will presume that
14  excusable neglect did not play a role.  This factor weighs in favor of entering
15  default judgment.

   7. Policy Favoring Decisions on the Merits

17  Public policy clearly favors resolution of cases on their merits. *Eitel*, 782
18  F.2d at 1472; *Westchester Fire*, 585 F.3d at 1189.  Nevertheless, this policy must
19  eventually yield to the proper administration of justice.  Where, as here, a party

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH
LEAVE TO RENEW ~ 8

1  fails to defend on the merits of a claim, entry of default judgment is generally an
2  appropriate remedy.
3  However, in this case, where Plaintiff has requested sizable statutory
4  damages, the Court elects to exercise its power under Rule 55(b)(2) to "conduct
5  hearings" to "determine the amount of damages" and "establish the truth of any
6  allegation by evidence." Fed. R. Civ. P. 55(b)(2). Accordingly, the Court directs
7  Plaintiffs to brief and provide evidence supporting the amount of damages against
8  each defaulting defendant separately. Upon a showing substantiating Plaintiff's
9  damages against each Defendant, the Court will reconsider Plaintiff's motion for
10 default judgment and request for attorney fees.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Default Judgments and Permanent Injunctions Against Defendants Hayes, Kappen, Maxwell, and Urena (ECF No. 108) is **DENIED with leave to renew.** Plaintiff is directed to submit a memorandum and evidence in support of its claims against each defaulting Defendant and in support of its request for damages on or before **October 6, 2014.**

///

///

///

///

1  The District Court Executive is hereby directed to enter this Order, provide

2  copies to counsel, and mail a copy to all unrepresented Defendants at their

3  addresses of record.

4  **DATED** September 3, 2014.



6  THOMAS O. RICE
   United States District Judge

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH LEAVE TO RENEW ~ 10