UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE THOMPSONS FILM, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>WILLIAM ATHIAS, et al.,<br><br>                    Defendants. | NO:  13-CV-0126-TOR<br><br>ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS |

BEFORE THE COURT is Plaintiff's Renewed Motion for Default Judgment and Permanent Injunctions Against Defendants Kappen, Hayes, Urena and Maxwell (ECF No. 115).  This matter was submitted for consideration without oral argument.  The Court has reviewed the motion and the record and files herein and is fully informed.

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 1

# FACTS[1]

This is an action concerning alleged copyright infringement of a motion picture.  Plaintiff, The Thompsons Film, LLC, is a limited liability company that produced the motion picture at issue in this matter, *The Thompsons*.  *The Thompsons* has been registered with the United States Copyright Office by the author, The Thompsons Film, LLC, Registration No. PAu 3-651-594.  Defendants are identified as having at least one of the following roles: 1) BitTorrent users or peers whose computers are collectively interconnected and used for illegally copying and distributing Plaintiff's motion picture; 2) contributing to the infringement of Plaintiff's copyright by others; 3) permitting, facilitating, and/or promoting the use of the internet access identified by the IP address for the infringing of Plaintiff's exclusive rights under the Copyright Act by others.

BitTorrent is an interactive peer-to-peer file transfer technology protocol.  Peer-to-peer networks, in their most common form, are computer systems enabling users to make files stored on each user's computer available for copying by other users, to search for files stored on other users' computers, and to transfer exact copies of the files from one computer to another via the internet.  The Complaint

---

[1] Unless otherwise noted, these facts are excerpted from Plaintiff's First Amended Complaint and used for purposes of the instant motion only.  ECF No. 28.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 2

alleges that Plaintiff has recorded each Defendant identified (through his or her IP address) as actually copying and publishing Plaintiff's motion picture via BitTorrent, as Plaintiff's investigator has downloaded the motion picture from each Defendant. Plaintiff alleges that, upon information and belief, each Defendant was a willing and knowing participant in the file transfer "swarm" at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

Plaintiff sued Defendants, claiming copyright infringement, contributory infringement, and indirect infringement of copyright. Plaintiff's First Amended Complaint requests damages of $30,000 from each Defendant pursuant to 17 U.S.C. § 504(c)(1) for its claims of infringement and contributory infringement, and, in the alternative, damages of not more than the statutory minimum of $750.00 on its indirect infringement claim. Plaintiff also requests entry of permanent injunctions enjoining each Defendant from directly, contributorily, or indirectly infringing Plaintiff's rights in Plaintiff's motion picture, and reasonable costs and attorney fees.

The Clerk of Court has entered orders of default for all Defendants named in the instant motion. Despite being properly served, the non-appearing Defendants have not filed an answer or moved to set aside their default. In response, Plaintiff moved for default judgment and permanent injunctions against Defendants Hayes, Kappen, Maxwell, and Urena. This Court subsequently denied Plaintiff's motion

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 3

with leave to renew.  In its Order, this Court directed Plaintiff to brief and provide

evidence supporting the amount of damages against each defaulting Defendant

separately.

Plaintiff now renews its motion for default judgment and permanent

injunctions seeking the relief requested in its First Amended Complaint.

## DISCUSSION

### A. Default Judgment

Motions for entry of default judgment are governed by Federal Rule of Civil

Procedure 55(b).  Rule 55(b)(1) provides that the Clerk of Court may enter default

judgment when the plaintiff's claim "is for a sum certain or a sum that can be made

certain by computation."  Fed. R. Civ. P. 55(b)(1).  When the value of the claim

cannot be readily determined, or when the claim is for non-monetary relief, the

plaintiff must move the court for entry of default judgment.  *Id.* at 55(b)(2).  In

such circumstances, the court has broad discretion to marshal any evidence

necessary in order to calculate an appropriate award.  *See id.* at 55(b)(2)(A)-(D).

At the default judgment stage, well-pleaded factual allegations are considered

admitted and are sufficient to establish a defendant's liability, but allegations

regarding the amount of damages must be proven.  *Geddes v. United Fin. Group,*

559 F.2d 557, 560 (9th Cir. 1977); *Microsoft Corp. v. Lopez,* 2009 WL 959219

(W.D.Wash. 2009).  The court must ensure that the amount of damages is

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTIONS ~ 4

reasonable and demonstrated by the evidence. *See* Fed. R. Civ. P. 55(b); *Getty Images (US), Inc. v. Virtual Clinics,* 2014 WL 358412 (W.D.Wash. 2014).

The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72; *see also United States v. VanDenburgh*, 249 F. App'x 664, 665 (2007).

The Court considers each of the factors in turn.

1. <u>Possibility of Prejudice to Plaintiff</u>

Despite having been properly served, the non-appearing Defendants have failed to plead or otherwise defend. As a result, Plaintiff's claims against them cannot move forward on the merits, and Plaintiff's ability to obtain effective relief has been prejudiced. This factor weighs in favor of entering default judgment.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTIONS ~ 5

2.  Merits of Plaintiff's Substantive Claims

Plaintiff's First Amended Complaint alleges copyright infringement, contributory infringement, and indirect infringement of copyright for Defendants' alleged participation in a BitTorrent "swarm." Despite receiving notice of Plaintiff's allegations of infringement, the non-appearing Defendants have failed to plead or otherwise defend. This factor weighs in favor default judgment.

3.  Sufficiency of the Complaint

The Court finds that the First Amended Complaint states a claim upon which relief may be granted in that it is grounded in a cognizable legal theory and alleges sufficient facts to support that theory. This factor weighs in favor of entering default judgment.

4.  Sum of Money at Stake

Plaintiff argues that because the admitted facts in this case dictate that each Defendant willfully infringed Plaintiff's registered copyright, it is entitled to enhanced statutory damages. ECF No. 115 at 5-6. The Copyright Act provides a statutory maximum for non-willful infringement of $30,000 and authorizes a court to impose statutory damages for willful infringement up to $150,000 per infringed work. 17 U.S.C. § 504(c). Accordingly, although Plaintiff feels entitled to the maximum award of $150,000 for each Defendant's willful infringement and

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 6

believes such an award is proper for deterrent effect, ECF No. 122 at 8-9, Plaintiff is requesting $30,000 from each defaulted Defendant.  *Id.* at 9.

In its September 3, 2014 Order, this Court declined to impute a willful state of mind to all Defendants based on Plaintiff's insufficient pleadings.  Accordingly, this Court directed Plaintiff to brief and provide evidence supporting each Defendant's alleged intent or knowledge of infringement in order to support the amount of damages requested.

In its renewed motion, Plaintiff provides this Court with evidence of each Defendant's BitTorrent activity, as documented by Mr. Macek.  ECF Nos. 123 (document under seal).[2]  According to Plaintiff, this evidence of each separate Defendant's "observed persistent BitTorrent activity indicates that [each Defendant's illegal use of *The Thompsons* was] not accidental, unknowing or innocent."  ECF No. 115 at 6.  Because "each separate Defendant was observed using BitTorrent to download and/or distribute as many as more than 100 works," Plaintiff asserts that such evidence sufficiently demonstrates the "intent to violate copyright law, knowledge of the wrongful activities, and willfulness by each of these default Defendants."  *Id.* at 6.

---

[2] This evidence supplements the evidence set forth in Plaintiff's First Amended Complaint and already alleged in Plaintiff's initial motion for default judgment. ECF Nos. 108 at 3-4; 115 at 5-6.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 7

The Court finds Plaintiff's proposed damage amount unreasonable. Although the evidence strongly suggests each Defendant knowingly and intentionally, as opposed to inadvertently or accidently, downloaded files off BitTorrent, the evidence is insufficient to prove that each Defendant *willfully* violated copyright infringement laws. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (holding that to prove willfulness in the copyright context, plaintiff must show (1) that the defendant was actually aware of infringing activity, or (2) that defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights). Further, this Court finds the evidence in this case, which merely shows that each Defendant copied and published via BitTorrent Plaintiff's motion picture—the cost of which to rent or purchase was less than $20—rather than distributed for commercial resale, does not support a $30,000 penalty for each Defendant. Accordingly, this factor weighs against entering default judgment.

5. Possibility of Dispute as to Material Facts

Given that the non-appearing Defendants have not answered the Complaint or otherwise participated in this case, there remains a possibility that material facts are disputed. This factor weighs against entering default judgment.

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 8

6.  <u>Whether Default is Attributable to Excusable Neglect</u>

The Court has no means of determining whether excusable neglect contributed to the default of the non-appearing Defendants.  Given that each of these Defendants was properly served, however, the Court will presume that excusable neglect did not play a role.  This factor weighs in favor of entering default judgment.

7.  <u>Policy Favoring Decisions on the Merits</u>

Public policy clearly favors resolution of cases on their merits.  *Eitel*, 782 F.2d at 1472; *Westchester Fire*, 585 F.3d at 1189.  Nevertheless, this policy must eventually yield to the proper administration of justice.  Where, as here, a party fails to defend on the merits of a claim, entry of default judgment is generally an appropriate remedy.  Thus, although this factor generally weighs against entering default judgment, it is not dispositive in this case.

On balance, this Court finds the factors support default judgment.  Accordingly, this Court will now calculate damages.

**B. Statutory Damages**

Plaintiff has requested the highest amount of statutory damages available under the Copyright Act: $30,000.  In a copyright infringement case, a plaintiff may elect either actual or statutory damages.  17 U.S.C. § 504(a).  Statutory damages, for which any one infringer is liable individually or for which any two or

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 9

more infringers are liable jointly and severally, may be not less than $750 or more than $30,000, "as the court considers just." *Id.* § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *Id.* § 504(c)(2).

Statutory damages are recoverable "regardless of the adequacy of the evidence offered as to [the] actual damages." *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham*, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (internal citation omitted). "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Id.* (citing *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). When considering the proper amount of damages, the court takes into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether "the recovery sought is proportional to the harm caused by defendant's conduct." *Curtis v. Illumination*

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTIONS ~ 10

*Arts, Inc*., 2014 WL 3543581, at * 9 (W.D. Wash 2014) (citing *Landstar Ranger, Inc., v. Parth Enter., Inc*., 725 F.Supp.2d 916, 921 (N.D. Cal. 2010)).

Here, Plaintiff has presented the following evidence in support of the maximum statutory damages award sought.  At the time of infringement, each Defendant could have legally rented or purchased Plaintiff's film for less than $20.  ECF No. 115 at 7-9.  However, the amount lost on this single transaction does not account for the "damage to Plaintiff and those producers, directors, stars, agents, marketers, distributors, and others who lost direct or downstream revenue due to the infringement." *Id.* at 7.  In addition, Plaintiff asserts that plans for a sequel were cancelled due, at least in part, to piracy.  *Id.*  Finally, Plaintiff contends that a higher award of damages would have the necessary deterrent effect on these specific Defendants and other similarly situated infringers.  *Id.* at 7-8.

This Court finds an award of $30,000 for each defendant would be an excessive punishment considering the seriousness of each Defendant's conduct and the sum of money at issue.[3]  Although Plaintiff contends the minimal revenue lost

---

[3] In *Austin v. United States*, the Supreme Court held that the Excessive Fines Clause of the Eighth Amendment applies in civil, not just criminal, proceedings.  *Austin v. United States*, 509 U.S. 602 (1993).  As the Court explained, the purpose of the Eighth Amendment is to limit the government's power to punish, and "civil sanctions that cannot fairly be said solely to serve a remedial purpose, but rather

from each Defendant's single transaction does not account for the extent of damages, this Court is unpersuaded that the remote damages—"downstream revenue" and destroyed plans for a sequel due, in part, to piracy—justify an award of $30,000 per defendant, even in light of the statute's goal of deterrence.  Instead, this Court finds Plaintiff has not made a showing justifying damages in excess of the statutory minimum.[4]  Accordingly, the Court, within its "wide latitude" of

---

can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term."  *Id.* at 607-09 (applying the amendment to civil forfeiture proceedings).  Undoubtedly, the statutory damages imposed for violation of copyright infringement are intended to serve a deterrent purpose, *see e.g.*, *Nintendo of Am., Inc. v. Dragon Pac. Intern*, 40 F.3d 1007, 1011 (9th Cir. 1994) (recognizing the punitive and deterrent effect of the Copyright Act's statutory damages), and thus can properly be characterized as punishment.

[4] As a comparator, if one of the named Defendants was found *criminally* liable under 17 U.S.C. § 506 for the same act of infringement, *i.e.*, infringement in an amount less than $2,000, the U.S. Sentencing Guidelines recommend a fine between $1,000 and $10,000.  USSG §§ 2B5.3, 5E1.2.  Further, if that Defendant were to plead guilty with contrition, the fine would be reduced to a range between $500 and $5,000.  *Id.* § 5E1.2.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 12

discretion, grants Plaintiff the minimum statutory award of $750 against each remaining defaulted Defendant in the case.

### C. Injunctive Relief

Plaintiff asks this Court to issue a permanent injunction to prevent each Defendant from infringing Plaintiff's copyrights in the future and order Defendants to destroy all illegally downloaded copies of Plaintiff's copyrights.  ECF No. 115 at 6-7.  The Copyright Act authorizes a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  Further, the Act authorizes the court to order the "destruction or other reasonable disposition" of all copies made or used in violation of the copyright owner's exclusive rights.  *Id*. § 503(b).

"An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" *Winberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (citation omitted).  When determining whether to grant a permanent injunction, the plaintiff must demonstrate the following: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public

interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

The Court finds Plaintiff has satisfied the four-part test for injunctive relief. First, the Court is persuaded that Defendants' infringements have harmed Plaintiff such that it could not be made whole by a monetary award. Second, absent an injunction, Plaintiff stands to suffer further damage should Defendants continue to infringe on Plaintiff's copyrights. Finally, the public's interest is undoubtedly served by preventing Defendants from further acts of infringement. Accordingly, this Court grants Plaintiff permanent injunctions against each Defendant and directs each Defendant to destroy all copies of *The Thompsons* made or used in violation of Plaintiff's exclusive rights.

### D. Award of Fees and Costs for Prevailing Party

Plaintiff seeks reasonable attorney's fee and actual costs. The Copyright Act contemplates an award of attorney fees and costs:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Prevailing defendants as well as prevailing plaintiffs may be awarded attorney fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). However, "attorney's fees are to be awarded to prevailing parties only as a matter

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 14

of the court's discretion." *Id*. "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id*. (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–437 (1983)).

In determining whether fees should be awarded, courts may consider a non-exclusive list of factors, including degree of success obtained, frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), the need in particular circumstances to advance considerations of compensation and deterrence, and whether the chilling effect of attorney fees may be too great or impose an inequitable burden on an impecunious party. *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (citing *Fogerty*, 510 U.S. at 534, n. 19); *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006).[5]

---

[5] There is no single set of factors considered by courts in this circuit. For example, see the Ninth Circuit's articulation of the factors in 2003:

> Supreme Court identified the following non-exclusive list of factors to guide the award or denial of attorney's fees: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." The Ninth Circuit has added as additional considerations: the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 15

In this case, the Court determines an award of fees is appropriate. First, Plaintiff is the prevailing party as default has been entered against Defendants. Second, from this record, the Court has no basis from which to determine Plaintiff's claims were frivolous. Finally, Plaintiff's motivation in bringing this suit was in an effort to obtain redress for wrongful copyright infringement and to discourage future infringement. Therefore, this Court finds an award of fees appropriate. This Court will now consider whether Plaintiff's proposed fees and costs are reasonable.

### E. Calculating Reasonable Attorney Fees and Costs

In calculating the reasonableness of attorney fees, the Ninth Circuit uses the "lodestar" method, which involves multiplying the number of hours reasonably expended on the claim or motion by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). When determining the reasonableness of the attorney's proposed hourly rate, the district court looks to

---

*Ets-Hokin*, 323 F.3d at 766 (internal citations omitted). And see:

> A district court may consider (but is not limited to) five factors in making an attorneys' fees determination pursuant to § 505. These factors are (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence.

*Wall Data Inc.*, 447 F.3d at 787.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 16

hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam). The "relevant legal community" is generally the forum in which the district court sits. *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012). When determining the reasonableness of the hours expended, a court should not consider hours that are "excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho*, 523 F.3d at 978 (citation omitted). "The factors enunciated by [the Ninth Circuit] in *Kerr* were intended to provide district courts with guidance in making the determination of the number of hours reasonably expended on litigation and the reasonable hourly rate." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986). Thus, once the court calculates the initial lodestar figure, "the district court may consider other factors in determining whether to adjust the fee upward or downward." *Id.* at 1212 (citing *Hensley*, 461 U.S. at 434).[6] The district court is guided by the following

---

[6] Although several *Kerr* factors may be relevant to determine whether to adjust a fee award after the initial lodestar calculation, "[t]he Supreme Court has noted . . .

non-exclusive *Kerr* factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1264 n.11 (9th Cir. 1987) (noting that the district court does not need to address every *Kerr* factor).

Here, Plaintiff has requested a total fee award of $19,932, which amounts to $4,893 from each defaulted Defendant. ECF Nos. 115 at 11; 118 at 6. Plaintiff proposes an hourly rate of $495 per hour for attorney David A. Lowe, $450 per hour for attorney Maureen VanderMay, and $125 per hour for legal assistant Caitlin Johnson. ECF No. 118 at 3-4. For all defaulted Defendants combined,

---

that the *Kerr* factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Chalmers*, 796 F.2d at 1212 (citing *Hensley*, 461 U.S. at 434 n. 9).

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 18

Plaintiff reports that its attorneys and legal assistant spent 46 total hours on this case, which includes interviewing Plaintiff; outlining judgment strategy, motion, and supporting documents; conducting research; drafting initial pleading, motions, and accompanying documents; and proofing, reviewing, finalizing, and filing motions and accompanying documents.  *Id.* at 4-6.  This results in total fees for all defaulted Defendants combined of $19,932, or $4,893 per defaulted Defendant.[7] *Id.* at 6.

This Court has thoroughly reviewed the itemized billing submitted by Plaintiff's counsel and finds the following regarding Plaintiff's proposed award.

　　　1.　Reasonableness of Hours Expended

First, regarding the number of hours reasonably expended, this court initially accepts Plaintiff's submission.  Considering Plaintiff combined all Defendants in one action, the number of hours per Defendant is relatively low: approximately 11.5 hours per Defendant.  Further, Plaintiff's counsel has provided the Court with sufficient support to assess the reasonableness of the hours expended on each particular task.  ECF No. 118 at 4-6 (providing separate tables for each staff detailing the date and hours worked, and task accomplished); *see Chalmers*, 796

---

[7] David A. Lowe, Esq. 17.6 hours, total $4,950; Maureen VanderMay, Esq. 23.6 hours, total $10,620; Caitlin Johnson 2.8 hours, total $350.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 19

F.2d at 1210 ("[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended.").

        2.  <u>Reasonableness of Rates</u>

Second, regarding the reasonableness of the proposed rates, this Court finds the rates billed by Mr. Lowe, Ms. VanderMay, and Ms. Johnson are commensurate with the prevailing rates for attorneys with their credentials in the Eastern District of Washington.  The Court's finding is based on sufficient explanation provided by Plaintiff and its own review.  S*ee Ingram*, 647 F.3d at 928 (holding that a district court can rely on its own knowledge and experience when determining a reasonable hourly rate for the services performed).  Mr. Lowe has twenty years of active litigation experience in both federal and state courts throughout the country, primarily in the area of intellectual property, and Ms. VanderMay has almost thirty years of legal experience as both law professor and practicing attorney.  ECF No. 118 at 2-3.  Although, Plaintiff has provided no support for the reasonableness of Ms. Johnson's rate, $125 for a legal assistant is commensurate with the prevailing rates in this district.

Accordingly, the Court finds the following to be a reasonable *initial* lodestar calculation: (1) 17.6 hours for Mr. Lowe at $495 per hour; (2) 23.6 hours for Ms. VanderMay at $450 per hour; and (3) 4.8 hours for Ms. Johnson Billings at $125

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 20

per hour. This would result in a total fee for all defaulted Defendants combined of $19,932, or $4,893 per defaulted Defendant.

    3. <u>Other Factors</u>

This Court now considers whether other factors warrant a reduction to the above lodestar calculation. This Court's analysis is guided by the following factors: (1) time and labor required; and (2) skill requisite to perform the legal services properly. *Kerr*, 526 F.2d at 70; *see Chalmers*, 796 F.2d at 1211-12; *Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary.*").

Regarding the time and labor required, this Court is skeptical that the proceedings before this Court efficiently required as much time and labor as Plaintiff's counsel asserts. If this were the only default judgment Plaintiff's counsel was seeking, the Court would have less doubt that the proposed award is reasonable. However, before this Court alone are nearly identical motions for default judgment and accompanying declarations, drafted and submitted by Plaintiff's counsel, in another case. *See Elf-Man, LLC v. Albright et al.*, No. 13-cv-0115-TOR. The only real difference is the identity of each Defendant in the caption and the name of the film. Further, this Court has taken notice of nearly identical cases filed by Plaintiff's counsel in the Western District of Washington. *See The Thompsons Film, LLC v. Does*, No. 13-cv-00560-RSL;  *Elf-Man, LLC, v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 21

*Does*, 13-cv-00507-RSL.  This is an efficient method of practice, but Plaintiff's

counsel should only be compensated for hours that were reasonably expended here.

For each attorney, Mr. Lowe and Ms. VanderMay, this Court finds a reduction in

the number hours is both warranted and reasonable.  Although the affidavit of Mr.

Lowe asserts that he and Ms. VanderMay worked more than forty hours combined

on this matter, Mr. Lowe's affidavit in the *Elf-Man* case, pending in this Court,

similarly asserts that he and Ms. VanderMay worked more than sixty hours on

almost identical briefing for seven other defaulting defendants.  This factor weighs

in favor of reducing the proposed fee award.  Accordingly, the Court will reduce as

excessive the 41.2 hours Plaintiff's counsel claim, to 24 hours (6 hours per

defaulted defendant) to efficiently accomplish parallel pleadings in this case.

Similarly, regarding the skill required, the Court does not find that Mr.

Lowe's and Ms. VanderMay's intellectual property expertise was particularly

relevant or necessary to the default motion proceedings before the Court.

Although this Court acknowledges that some level of expertise is relevant to

bringing cases such as this, this Court does not agree that a $495 per hour

intellectual property attorney would perform default proceedings any more

successfully than a $300 per hour partner without similar technical expertise.  *See*

*Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 2013 WL 4094697, at *2 (W.D.

Wash. Aug. 12, 2013) (finding 25% overall reduction of recoverable fees

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTIONS ~ 22

appropriate where experienced intellectual property lawyer, charging $375 per hour, spent "significant time on procedural, simple, and/or threshold matters" which did not justify high rate); *see also Chalmers*, 796 F.2d at 1210-11 ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for *similar work* performed by attorneys of comparable skill, experience, and reputation.") (emphasis added). Because the proposed fee award represents work prepared by highly experienced intellectual property attorneys when the work actually performed did not necessitate such expertise, this factor also weighs in favor of reducing the proposed fee award.

This Court finds it appropriate to reduce the attorney fee rate to $350 per hour to more accurately reflect the lack of complexity of the actual legal services performed. A reduction in the rate for each attorney is appropriate in light of the skill and expertise actually required for these proceedings. *See Wash. Shoe Co.*, 2013 WL 4094697, at *2. This results in total attorney fees for all defaulted Defendants combined of $9,000 ($8,400 attorney fees, plus $600 legal assistant fees), which amounts to $2,250 per defaulted Defendant.

4. Costs

The Court finds the following costs are compensable: (1) $30 service of process on each defaulted Defendant; (2) $70 to ISP Comcast for Defendants Hayes and Kappen subpoena data; and (3) $43.64 to ISP Charter for Defendants

Maxwell and Urena subpoena data. *See Trustees of Const. Indus & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (discussing the well-established rule that "reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client" are recoverable) Accordingly, Plaintiff is entitled to the following reasonable costs: (1) $100 for Hayes; (2) $100 for Kappen; (3) $73.64 for Maxwell; and (4) $73.64 for Urena.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Default Judgment and Permanent Injunctions Against Defendants Hayes, Kappen, Maxwell, and Urena (ECF No. 115) is **GRANTED**.

1. Plaintiff is awarded statutory damages in the amount of $750 from each defaulted Defendant.

2. Plaintiff is awarded attorney fees in the amount of $2,250 from each defaulted Defendant.

3. Plaintiff is awarded the following actual costs from each defaulted Defendant:

   Anthony Hayes:      $100
   Ross Kappen:        $100
   Vikki Maxwell:      $73.64
   Juan Urena:         $73.64

4. These defaulted Defendants are **PERMANENTLY ENJOINED** from infringing upon Plaintiff's copyright, *The Thompsons* motion picture, Registration No. PAu 3-651-594, whether now in existence or later created, under federal law and are ordered to destroy all copies of Plaintiff's copyrighted material made or used in violation of the Plaintiff's exclusive rights.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIONS ~ 24

5.  There being no just reason for delay, Judgment shall be entered pursuant
    to Fed. R. Civ. P. 54(b) for Plaintiff against each of these defaulted
    Defendants.  Interest on the judgment shall accrue at the statutory rate.

The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for Plaintiff against each of these defaulted Defendants, provide

copies to counsel and Defendants, and provide the required notification to the

Registrar of Copyrights pursuant to 17 U.S.C. § 508.  The file will remain OPEN

to address the remaining parties' contentions.

**DATED** October 31, 2014.

THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTIONS ~ 25